## COWAN v. BOND.

*(Circuit Court, S. D. Mississippi, E. D. May 21, 1889.)*

1. CARRIERS—INTERSTATE COMMERCE—UNLAWFUL DISCRIMINATION.

A railroad company is not guilty of an unlawful discrimination or preference in violation of sections 2 and 3 of the interstate commerce act by receiving from a shipper cotton at Delhi, La., shipping it to Vicksburg, having it compressed there at the company's expense, and reshipped to eastern points for a rate equal to its published through rate from Delhi to such eastern points, where such an arrangement is in compliance with a recognized custom, of which all other shippers, including petitioner, could or did avail themselves, and where it does not appear that petitioner desired to ship any cotton from Delhi to the eastern points, or that he was compelled to pay a higher rate under similar circumstances.

2. SAME.

The fact that cotton raised near Vicksburg being considered by eastern buyers to be superior to other cotton, arrangements are sometimes made to

induce such buyers to believe that cotton actually raised in other localities was raised in the vicinity of Vicksburg, cannot be imputed to the railroad company so as to make the transaction by which it stops and compresses cotton at Vicksburg for eastern shipment an unlawful discrimination.

Petition against Receiver.
*Dabney, McCabe & Anderson*, for petitioner.
*Birchett & Gilland*, for respondent.

HILL, J. This is a petition in the nature of an action at law against F. S. Bond, the defendant, as receiver of the Vicksburg & Meridian Railroad Company, to recover damages, which it is alleged petitioner has sustained by reason of the alleged violation of sections 2 and 3 of an act of congress approved February 4, 1887, known as the "Interstate Commerce Act." The petition, in substance, alleges that on the 1st day of September, 1887, petitioner was, and from that time has been, and still is, engaged in the business, occupation, and employment of buying, shipping, and selling cotton in bales to cotton mills and manufacturers at different places, in different states, including Massachusetts, New Hampshire, New Jersey, New York, and Rhode Island; that said defendant, as receiver, under the orders and decrees of this court, of the Vicksburg & Meridian Railroad Company, a corporation and common carrier, was engaged in operating said railroad, and receiving and transporting for hire over the line of which it is part freight, and cotton in bales, in connection with other railroad companies, from points in Mississippi, including the city of Vicksburg, to points in other states, including those above named; also in transporting from points on the Vicksburg, Shreveport & Pacific Railroad, owned by a company which operates, and did operate at the time aforesaid, a railroad from Vicksburg, in this state, to Shreveport, in the state of Louisiana, and in connection with said Vicksburg & Meridian Railroad; that between the 1st day of September, 1887, and the 1st day of September, 1888, he bought and delivered to the defendant, as such receiver, for transportation for hire as a common carrier, 9,339 bales of cotton, weighing in the aggregate 4,407,635 pounds, which defendant received and agreed to ship, and did ship and transport, to different points in said states, some to one point and some to another, of which a bill of particulars is filed as part of the petition; that from the 1st day of September, 1887, to the 1st day of September, 1888, the firm of W. L. Wells & Co. was engaged in the same business of buying, shipping, and selling cotton to points in eastern states, their business being in all respects the same as petitioner's, and located and doing business at the same place, and to all appearances under like conditions, and hence his rivals in business; that during the same period, said W. L. Wells & Co. bought and shipped over said Vicksburg & Meridian Railroad large numbers of bales of cotton, which were to be, and were, transported in many instances to the same points as that shipped by petitioner as aforesaid; that defendant charged and received from petitioner 4 cents per 100 pounds during said time more than he charged said W. L. Wells & Co. from Vicksburg to the same points,

contrary to law and just and fair dealings, whereby petitioner was greatly damaged in his business in actual outlay in freights in excess of freights paid defendant by said W. L. Wells & Co. on cotton so shipped by him to said points during said time. That in consequence of said discrimination in favor of said W. L. Wells & Co. petitioner lost large sales of cotton which said W. L. Wells & Co. were enabled to make, to-wit, 3,000 bales, on which he would have realized $1 per bale, making $3,000; that said unlawful discrimination was done in the following manner, that is to say, the said Vicksburg, Shreveport & Pacific Railroad Company, a corporation owning and operating a railroad in Louisiana, between Shreveport in Louisiana and Vicksburg in Mississippi, which connects with the Vicksburg & Meridian Railroad in Mississippi, is and was under the same management as the Vicksburg & Meridian Railroad, and is and was part of a system to which the Vicksburg & Meridian Railroad belonged, though said companies were separate as to their property rights; that under some complicated arrangement, which was a secret one, and not known to petitioner, or advertised to the public, the said W. L. Wells & Co. were given by the defendant a preference and advantage over petitioner in his shipment of cotton to the eastern states, as aforesaid; that the arrangement aforesaid was such that for the whole period from the 1st of September, 1887, to the 1st of September, 1888, petitioner and the whole public were kept in absolute ignorance of the fact that such arrangements were possible; that by means of such schemes, subterfuges, pretexts, and artifices, the defendant placed the petitioner at a great disadvantage in his business, and deprived him of the equality in treatment in shipping cotton as aforesaid to which he was and is entitled by law, and said W. L. Wells & Co. were given undue preference and advantage over him as aforesaid.

To the charges thus made the defendant has interposed his answer by way of plea, by which he denies this discrimination as charged, and states the facts in relation to the matters referred to in the petition to be as follows: The arrangement was for the shipping of cotton from Delhi, La., a station on the Vicksburg, Shreveport & Pacific Railroad to Boston and other eastern points, with the privilege of stopping the cotton at Vicksburg for the purpose of compressing it, under which arrangement Wells & Co. purchased cotton at Delhi, and shipped it to themselves at Vicksburg, on bills of lading to that point, and, when the cotton was compressed and ready for forwarding to destination, the bills of lading from Delhi to Vicksburg were surrendered to the agent of respondent at Vicksburg, who canceled them, and in lieu thereof issued other bills of lading from Vicksburg to final destination, at rates, which, added to the rates already paid from Delhi to Vicksburg, made totals equivalent to the direct, through, published rates from Delhi to such points of final destination; that such arrangements are now, and have been for many years, prevalent on all railroads in the cotton-growing country, which was and is well known to petitioner and all other cotton shippers, and especially to petitioner, who made a similar arrangement with respondent on cotton shipped from Greenville, Miss., over the Louisville, New

Orleans & Texas Railroad to Vicksburg, and thence to Boston and other points, and which was made during the same season as that of which the complaint is made, and was identical with it in all respects, except that petitioner's cotton was not compressed at Vicksburg, and consequently the rates given him from Vicksburg were less than those charged to Wells & Co.; that on all cottons shipped by Wells & Co. direct from Vicksburg eastward the same rates were charged as those paid by all shippers.

The facts so stated in the answer are substantially established by the proof, and the question to be determined is do they constitute a violation of sections 2 and 3 of the interstate commerce act of congress? Section 2 reads as follows:

"That if any common carrier subject to the provisions of this act shall directly or indirectly, by any special rate, rebate, drawback, or other device, charge, demand, collect, or receive from any person or persons a greater or less compensation for any service rendered or to be rendered, in the transportation of passengers or property, subject to the provisions of this act, than it charges, demands, collects, or receives from any other person or persons for doing for him or them a like contemporaneous service in the transportation of a like kind of traffic, under substantially similar circumstances and conditions, such common carrier shall be deemed guilty of unjust discrimination, which is hereby prohibited, and declared to be unlawful."

Section 3 is as follows:

"That it shall be unlawful for any common carrier subject to the provisions of this act to make or give any undue or unreasonable preference or advantage to any particular person, company, firm, corporation, or locality, or any particular description of traffic, in any respect whatsoever, or to subject any particular person, company, firm, corporation, or locality, or any particular description of traffic, to any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

Unfortunately I am left without any decisions of the courts or of the commission on this direct point, and am left to my own unaided judgment on the question presented. There is much testimony, and has been much comment by counsel, on the question as to whether the rates under the arrangement by which the cotton was shipped from Delhi to Vicksburg and there compressed, the expense of this compressing being paid by the defendant as part of the shipment to enable him to ship a large number of bales on a car, were posted or otherwise available to the inspection of shippers and the public. This is not an issue raised in this case, and can only be inquired into incidentally as affecting the rights of petitioner. The substantial subject of complaint is that the defendant made an unjust discrimination in the rates charged for the shipment of cotton from Vicksburg to eastern points in favor of W. L. Wells & Co., and against petitioner, by which he sustained damage. The uncontradicted fact is that the cotton shipped, of which complaint is made, was shipped from Delhi, in Louisiana, to points east, and was stopped off and compressed at Vicksburg, at the uniform and established rates from Delhi to the eastern points. The proof shows that this practice is general, and, it may be said, necessary; that it is the practice in shipping from many

other points, and was well known to the petitioner, who had availed himself of it; and it was known, and its advantages received, by all the cotton buyers at Vicksburg on cotton purchased at different points on the railroads connecting at Vicksburg, so that the petitioner cannot complain of this arrangement. The petitioner does not aver that he desired or intended to ship cotton from Delhi, and was prevented from doing so by want of a knowledge that shipments were being made by Wells & Co. under the arrangement stated. Had such been the case the question as to whether or not this arrangement was included in the rates posted, or otherwise made public, in the offices at Delhi or in Vicksburg, would be important; but as no such averment is made, it is unimportant. I am unable to perceive any difference between the shipments made by petitioner from Greenville and those made by W. L. Wells & Co. from Delhi. The Greenville cotton was compressed at Greenville, and the Delhi cotton at Vicksburg, but the costs of both were embraced in adding the local freight from that point, making one freight from the first point of shipment to the point of destination, and I cannot perceive that in either case any advantage is obtained over the other, or that there was any violation of law in either case. It is pressed in argument upon the admitted facts that what is understood by the eastern purchasers to be Vicksburg cotton—that is, such cotton as is raised in that vicinity—is superior to other cotton, and that, in some instances at least, an arrangement is made to induce these eastern purchasers to believe that cotton raised in other localities was raised in the vicinity of Vicksburg, and that this constitutes such an arrangement a violation of these sections of the act upon the part of the defendant. This may be a sort of pious fraud upon the part of these local cotton buyers upon their eastern employers, whose agents they are, but certainly cannot be imputed to the defendant or any other common carrier. To render the discrimination unlawful, the preference given to one over another must be contemporaneous, and under substantially similar circumstances and conditions. Had petitioner purchased cotton at Delhi, for shipment to the eastern points, it would have been the duty of agents at that place to have informed him that he could stop it at Vicksburg, and have it compressed and shipped through at the published rates. A neglect to do so would have been an unjust discrimination, and have entitled petitioner to his action and to a judgment for the damages sustained; but this is not such a case. I am satisfied from the pleadings and proof that the petitioner has not made out a case entitling him to damages; therefore this petition must be dismissed; but, as the question is a new one, each party will pay his own costs.